Samuel 0. Coleman, J.
In Ms opeMng statement the attorney for the administrator of the husband conceded that if the Austrian Notarial Act of 1871 was not controlling, the intervenor, administrator of the wife, must prevail. I do not think the act does apply, even as a matter of internal Austrian law. From the testimony of the two experts — one for each side — it appears that formalization of agreements or arangements is the extreme exception; that the act of 1871 applies only to certain classes of transactions between husband and wife; and that a transaction not specifically covered by the statute may be proved by competent testimony in any form. The difference between them arises from the effort of the husband’s admimstrator to have the paper of February, 1933, taken to be an instrument dealing with two interrelated arrangements, a kind of partnership or joint venture or even exchange, the wife turmng over a one-half interest in her inventions, and the husband transferring to Ms wife a one-half interest in the card business. According to the expert for the husband’s administrator, such an arrangement must be memorialized in a formal document, failing which it is a nullity. But in my opinion it is not such an arrangement. The two matters mentioned are separate and distinct. The husband in 1928 had already acknowledged that his wife, because of her efforts in furthering the card business, had an equal interest in it with him, to the extent of certain commissions. The document of February, 1933 is a confirmation of that fact. “ I confirm our previous agreement pursuant to which my wife Elsa Taeni is the owner of one-half of all my income from the card business.” The act was in the past and the statement is historical. The second part of the document speaks in the present. “ [0]ne-half of all inventions of my wife * * * is going over into my ownership.” One act is not consideration for the other; there is no exchange; — no joint venture; and no attempt on the *514 husband’s part to undo what he had earlier done and to bargain with his wife anew.
The expert for the husband’s administrator agreed that if the first sentence is to be taken alone — as I think it should — as an acknowledgment of a previously existing assignment, the statute does not apply. By hypothesis, therefore, any competent testimony may be availed of and the testimony of the witness to the circumstances of the signing of the 1933 document adequately complements its wording. There is no violation of any ‘ ‘ parol evidence ’ ’ rule, as the inquiry is directed to the question whether the husband had in fact transferred or assigned a part of his interest. I believe he did, apart from any concession.
Let judgment be entered in favor of the intervenor in accordance with this opinion.
The case arose out of the most sorrowful circumstances and I commend the attorneys for their extended efforts to have the controversy adjusted — not only this one — but a pending proceeding in the Surrogate’s Court in which it is involved. Their inability to do so is regrettable.